## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNY RAMOS<br>1336 Missouri Avenue<br>Washington, D.C. 20011<br><br>PLAINTIFF,<br><br>v.<br><br>TONO, INC. D/B/A TONO SUSHI<br>2605 Connecticut Ave. NW<br>Washington, D.C. 20011<br><br>    Serve: Ace Corporate Services, Inc.<br>    2406 Chain Bridge Road NW<br>    Washington, DC 20016<br><br>BAEKCITY, INC. D/B/A TONO SUSHI<br>2605 Connecticut Ave. NW<br>Washington, D.C. 20011<br><br>    Serve: PETER BAEK<br>    20312 Ocean Forest Court<br>    Ashburn, VA 20147<br><br>EDDIE PONGASKUL<br>6240 Woodfair Dr.<br>Fairfax Station, VA 22039<br><br>And<br><br>KIYOTO KONDO<br>7512 Whittier Boulevard<br>Bethesda, MD 20817<br><br>    DEFENDANTS. | Case No.: 19-1702 |

***************************************************************************

## COMPLAINT

Plaintiff Johny Ramos ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Tono, Inc. d/b/a Tono Sushi and Baekcity, Inc. d/b/a Tono Sushi (collectively, "Tono Sushi"), Eddie Pongaskul, and Kiyoto Kondo (collectively,

"Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 et seq. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland.  By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA and the DCMWA.

2.      Plaintiff was employed by Defendants to work in Tono Sushi's kitchen.  Plaintiff worked in the District of Columbia as a cook and performing related duties.

3.      Defendant Tono, Inc. was a corporation formed under the laws of the District of Columbia.

4.      Defendant Baekcity, Inc. is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

5.      Defendant Eddie Pongsakul is an adult resident of Virginia and Kiyoto Kondo is an adult resident of Maryland. Together, they owned and operated Tono, Inc. during the relevant period from May 3, 2016 until March 2019. Approximately March 2019, Mr. Pongsakul and Mr. Kondo sold Tono, Inc. to Defendant Peter Baek.

6.      Upon purchasing this business, Baekcity, Inc. continued operating as Tono Sushi and made few changes to the restaurant.  The menu remained largely unchanged.  The furniture and decoration remained largely unchanged.  The workforce remained largely unchanged.

7.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount

exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

9.      At all times pertinent to the allegations herein, Defendants were Plaintiff's "employers" for purposes of the FLSA and the DCMWA.

10.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11.     Plaintiff worked for Defendants from roughly 2013 until May 3, 2019.

12.     From May 2016 until March 2018, Plaintiff worked an average of approximately 50 hours per week.  From June 2018 until the end of Plaintiff's employment, Plaintiff worked an average of approximately of 30 hours per week.

13.     From roughly May 2016 to March 2018, Defendants paid Plaintiff at a daily rate of $135.00.  Thereafter, Defendants gave Plaintiff a raise to a daily rate of $145.00, which he earned for the remainder of his employment.

14.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff one-and-one-half times (1.5x) his hourly rate for hours worked in excess of 40 during a single workweek.

15.     From May 2016 to March 2019, Defendants Eddie Pongsakul and Kiyoto Konodo, owned and operated Tono Sushi. During these time Eddie Pongsakul and Kiyoto Konodo:

    a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

    b.  Had the power to supervise Plaintiff's work duties to ensure their work was of sufficient quality;

    c.  Set and controlled Plaintiff's work schedules or had the power to set and control Plaintiff's work schedules;

    d.  Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

    e.  Controlled and was in charge of the day-to-day operations of Tono Sushi.

16.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA or the DCMWA.

17.     Defendants' failure and refusal to pay Plaintiff overtime pay, as required by the FLSA, was willful and intentional, and was not in good faith.  Defendants' failed to timely pay Plaintiff the unpaid overtime owed, as required under the DCMWA.

**CAUSES OF ACTION**
**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Overtime)**

18.     Plaintiff re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

19.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

20.     At all times pertinent to the allegations herein, Plaintiff was an "employee" covered

by § 207(a)(1) of the FLSA, and Defendants were her "employers" under § 207(a)(2) of the FLSA.

21.    Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) her regular rate for all overtime hours worked.

22.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during her employment.

23.    As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) her regular rate for all overtime hours worked.

24.    Defendants' failure and refusal to pay Plaintiff, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

25.    Plaintiff re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

26.    At all times pertinent to the allegations herein, Plaintiff was Defendants' "employee," and Defendants was Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

27.    Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) his regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

28.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff

to work overtime hours during her employment.

29.     As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

30.     Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*